IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV198-03-MU

| | |
|---|---|
| RICKEY ESCAVILLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NURSE MOORE; ATTORNEY LUEKING )<br>SUNMAN )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, initially filed in the Eastern District of North Carolina on May 22, 2006 and transferred to this Court on June 19, 2006 and filed on filed June 20, 2005.

Plaintiff, a state inmate at Avery/Mitchell Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 against Nurse Moore, an employee at Avery/Mitchell and Luecking Sunman ("Sunman'), a North Carolina Prisoner Legal Services ("NCPLS") attorney. Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order must be dismissed.

As an initial matter, the Court notes that Sunman is not a state actor and therefore not subject to suit under section 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (recognizing that state paid public defender representing a criminal defendant occupied a sufficiently independent and adversarial role to the state such that he did not act under color of state law); Bryant v. N.C. Prisoner Legal Servs. Inc., 1 F.3d 1232 (4th Cir. 1993) (unpublished table decision) ("NCPLS and its attorneys are not state actors amendable to suit under 42 U.S.C. § 1983."). Attorney Sunman is not a state

1

actor and therefore is dismissed from this action.

With respect to Defendant Nurse Moore, as best as this Court can interpret Plaintiff's unintelligible Complaint, it appears that Plaintiff is alleging that Nurse Moore was deliberately indifferent to his serious medical needs when she handled his medication without wearing gloves on April 14, 2006. In order to state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must show deliberate indifference to the serious medical needs of a prisoner. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference may be demonstrated by either actual intent to cause harm, or reckless disregard of a substantial risk of harm known to defendant or apparent to a reasonable person in like position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). Simple negligence is not a constitutional deprivation. Daniels v. Williams, 474 U.S. 327 (1986); Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to state a claim for relief. At most, Defendant Moore, may have been negligent for not wearing gloves when handling Plaintiff's medication, however, as noted above, mere negligence is not a constitutional deprivation. This Court finds that the claim against Defendant Moore is frivolous and therefore is dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: July 10, 2006

Graham C. Mullen
United States District Judge